UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUDY MALDONADO,<br><br>            Plaintiff,<br><br>     v.<br><br>YAKIMA TRIBAL GAMING CORPORATION,<br><br>            Defendant. | No. CV-06-3065-FVS<br><br>ORDER TO DISMISS AMENDED COMPLAINT WITH PREJUDICE |

**THIS MATTER** came before the Court for review of the legal sufficiency of Plaintiff's cause of action. (Ct. Rec. 4, 5). Plaintiff is proceeding pro se. Defendant is represented by Elmer J. Ward.

Plaintiff filed his Complaint on July 17, 2006, and his Amended Complaint on January 10, 2007. Plaintiff proceeded to improperly serve his Amended Complaint upon Defendant, who submitted an answer on February 23, 2007. On February 26, 2007, the matter was stayed pending the Court's review of the legal sufficiency of Plaintiff's Amended Complaint. The Court now addresses that issue.

**I.  BACKGROUND**

Plaintiff alleges that the Yakama Nation and the Yakama Tribal Gaming Corporation failed to abide by their personnel appeal deadlines and processes thereby violating Plaintiff's rights under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1301 *et seq.* Plaintiff further

ORDER TO DISMISS AMENDED COMPLAINT WITH PREJUDICE - 1

alleges the Yakama Nation terminated his employment for exercising his first amendment right to free speech in violation of IRCA.

Plaintiff's Complaint alleges he worked at the Yakama Nation Legends Casino as a security guard from October 2002 to July 16, 2003. He claims he was terminated from his job because he "broke policy" by writing a letter to the local paper, the Yakama Nation Review.

Plaintiff requested a Board of Review hearing regarding his termination in August 2003, and his case was subsequently denied. In June 2004, Plaintiff requested a hearing for reinstatement. The Casino Board of Directors apparently overturned the Board of Review decision and ordered the Yakama Tribal Gaming Corporation to reinstate Plaintiff to his previous position with back pay. Plaintiff alleges the Yakama Tribal Gaming Corporation refused to reinstate him and a tribal suit was thereafter initiated. Plaintiff claims that the tribal suit was dismissed on September 4, 2004.

Plaintiff brought this action in federal court seeking to enforce the order of reinstatement and order of back pay as well as to recover punitive damages and attorneys' fees and costs. (Ct. Rec. 4).

**II. DISCUSSION**

    **A.  Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction, with original jurisdiction over two categories of disputes: (1) cases involving diversity jurisdiction pursuant to 28 U.S.C. § 1332, encompassing, for the most part, those disputes between citizens of different states involving the requisite amount in controversy; and (2) cases involving federal question jurisdiction pursuant to 28

U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Plaintiff has suggested that federal question jurisdiction is present in this case. Plaintiff asserts that the ICRA provides a jurisdictional basis for a federal court in a case against an Indian tribe. (Ct. Rec. 4).

However, the law is well-settled that the ICRA cannot be used to create a cause of action against Indian tribes or its officers for the deprivation of substantive rights. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). In *Santa Clara*, the Court found that suits against Indian tribes in federal court under the ICRA are barred by the tribes' sovereign immunity. The Supreme Court held that the only remedy available from the federal courts under the ICRA is a writ of habeas corpus under 25 U.S.C. § 1303. *Id.* at 69-72, 98 S.Ct. 1670.

Notwithstanding *Santa Clara*, the Tenth Circuit found in *Dry Creek Lodge, Inc. v. United States*, 623 F.2d 682 (10th Cir. 1980), that because the plaintiffs had no tribal forum available to them to vindicate their rights, they should not be deprived of some forum to vindicate their rights. The Court stated:

> It is obvious that the plaintiffs in this appeal have no remedy within the tribal machinery nor with the tribal officials in whose election they cannot participate. The record demonstrates that plaintiffs sought a forum within the Tribes to consider the issue. They sought a state remedy and sought a remedy in federal courts. The limitations and restrictions present in *Santa Clara*

ORDER TO DISMISS AMENDED COMPLAINT WITH PREJUDICE - 3

should not be applied. There has to be a forum where the dispute can be settled.

623 F.2d at 685.[1]

Nevertheless, in *Johnson v. Gila River Indian Community*, 174 F.3d 1032 (9th Cir. 1999), the Ninth Circuit found that the Tenth Circuit's decision in *Dry Creek* did not afford the Plaintiff relief under the ICRA. The Ninth Circuit held that "except in habeas corpus actions, this circuit has not recognized relief under the Act against a tribe in a civil action" and furthermore "the Tenth Circuit has limited *Dry Creek* to extraordinary circumstances not present in this case." *Id*. at 1035 n. 2. *See, also, Demontiney v. U.S. ex rel. Dept. of Interior*, 255 F.3d 801, 815 n. 6 (9th Cir. 2001) ("In the past we have declined to follow [*Dry Creek*] in recognizing a federal right of action for civil claims under ICRA where no other meaningful remedies are available" and "[w]e again decline to follow *Dry Creek* here").

Plaintiff clearly does not seek habeas corpus relief, and, unlike the situation in *Dry Creek*, the Yakama Tribal Court has apparently addressed Plaintiff's claims. Moreover, while Plaintiff cites *Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360 (D. Mont. 1977) in support of his contention that the ICRA provides a jurisdictional basis for a federal court in a case against an Indian tribe, the Court is not persuaded that *Stands Over Bull* provides any basis to overcome *Santa Clara* since it was decided prior to *Santa Clara*. *Santa Clara* is controlling case law which bars Plaintiff from pursuing an ICRA claim

---

[1] The plaintiffs sought a remedy with the tribal court, but were refused access to it. The judge indicated he could not incur the displeasure of the Joint Business Council and consent of the Council would be needed. The consent was not given.

in federal court.  Accordingly, the Court finds that this action must be dismissed for lack of federal subject matter jurisdiction.

**B.   Failure to State a Claim**

For reasons discussed above, Plaintiff's ICRA claims are claims upon which this Court cannot grant relief.

**III.  CONCLUSION**

Plaintiff has not met his burden of showing how this Court could exercise jurisdiction over Plaintiff's ICRA claims.  Because this court lacks subject matter jurisdiction and cannot grant relief upon Plaintiff's ICRA claims, there is no reason to grant Plaintiff leave to amend his Amended Complaint to assert claims under the ICRA. Plaintiff's Amended Complaint is therefore **DISMISSED**, with prejudice, for lack of federal subject matter jurisdiction and for failure to state a claim upon which relief could be granted.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to Plaintiff and counsel for Defendant, and **close the file**.

**DATED** this ___30th___ day of September, 2008.

S/Fred Van Sickle<br>
Fred Van Sickle<br>
Senior United States District Judge